JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709

R. Thomas Colonna
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6552
Richard.Colonna@usdoj.gov

*Attorneys for the United States*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANA HACKENBERGER,<br><br>    Plaintiff,<br><br>    v.<br><br>United States of America ex. rel. United States Department of Energy; DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive.<br><br>    Defendants. | Case No. 2:23-cv-00055-JAD-DJA<br><br>**Answer to Plaintiffs' Complaint** |

Defendant United States of America ("Defendant" or "United States") submits the following Answer to Plaintiff's Complaint:

## **JURISDICTION**

1.  Defendant makes no response to the allegations of jurisdiction and legal conclusions contained in this paragraph as no response is required. To the extent the allegations are deemed factual in nature, Defendant admits only that Plaintiff filed suit pursuant to the Federal Tort Claims Act ("FTCA") but denies Plaintiff is entitled to any relief under the FTCA. Defendant denies any allegations not specifically admitted.

2.  Defendant makes no response to the allegations of jurisdiction and legal conclusions contained in this paragraph as no response is required. To the extent the

allegations are deemed factual in nature, Defendant admits only that Plaintiff filed suit pursuant to the FTCA but denies Plaintiff is entitled to any relief under the FTCA. Defendant denies any allegations not specifically admitted.

3. Defendant admits only that Plaintiff filed an administrative claim with the United States Department of Energy. Defendant denies any allegations not specifically admitted.

4. Defendant admits only that Plaintiff mailed an amended administrative claim to the United States Department of Energy and that the amended administrative claim was acknowledged. Defendant denies any allegations not specifically admitted.

5. Defendant admits only that the response by the Department of Energy was not responded to by claimant. Defendant denies any allegations not specifically admitted.

6. Defendant makes no response to the allegations of venue and legal conclusions contained in this paragraph as no response is required. To the extent the allegations are deemed factual in nature, Defendant admits only that the allegations alleged in Plaintiff's Complaint occurred within this judicial district. Defendant denies any allegations not specifically admitted.

7. Defendant makes no response to the allegations of jurisdiction and legal conclusions contained in this paragraph as no response is required. To the extent the allegations are deemed factual in nature, Defendant admits only that Plaintiff filed suit pursuant to the FTCA but denies Plaintiff is entitled to any relief under the FTCA. Defendant denies any allegations not specifically admitted.

**PARTIES**

8. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

9. Because of the court's order (ECF No. 9), Brian Paul Jones is no longer a named defendant in this matter. Nevertheless, Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

10. Admits.

11. Defendant makes no response to the allegations contained in this paragraph as they are not directed against it. To the extent the allegations are deemed directed against it, the "DOE Defendants I through X" are not proper parties to this suit brought under the FTCA. Defendant denies any allegations not specifically admitted.

12. Defendant makes no response to the allegations contained in this paragraph as they are not directed against it. To the extent the allegations are deemed directed against it, the "ROE Business Entities I through X" are not proper parties to this suit brought under the FTCA. Defendant denies any allegations not specifically admitted.

13. Defendant makes no response to the allegations contained in this paragraph as they are not directed against it. To the extent the allegations are deemed directed against it, they are denied.

14. Defendant makes no response to the allegations contained in this paragraph as they are not directed against it. To the extent the allegations are deemed directed against it, they are denied.

**GENERAL ALLEGATIONS**

15. Defendant makes no response to the allegations contained in this paragraph as they are not directed against it. To the extent the allegations are deemed directed against it, they are denied.

16. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

17. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

18. Defendant admits only it was the owner of the 2015 Hyundai Sonata on the date of the accident. Defendant denies any allegations not specifically admitted.

19. Denies.

20. Denies.

21. Denies.

22. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

23. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

24. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

25. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

26. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

27. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

### FIRST CAUSE OF ACTION
### (Negligence / Negligence Per Se)

28. Defendant incorporates its previous answers to Plaintiffs' Complaint as if fully set forth herein.

29. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

30. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

31. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

32. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

33. Defendant makes no response to the legal conclusions contained in this paragraph as no response is required. Nevertheless, Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

34. Denies.

35. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

36. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

37. Denies.

## SECOND CAUSE OF ACTION
**(Negligent Entrustment / Joint & Several Liability / Agency / Vicarious Liability / Respondeat Superior)**

38. Defendant incorporates its previous answers to Plaintiffs' Complaint as if fully set forth herein.

39. Defendant admits only that it owned, maintained, and controlled the vehicle that was driven by Brian Paul Jones. Defendant denies any allegations not specifically admitted.

40. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

41. Denies.

42. Denies.

43. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

44. Denies.

45. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

46. Denies.

47. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

48. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

49. Denies.

## THIRD CAUSE OF ACTION
### (Negligent Hiring, Training, Supervision and Policies / Procedures)

50. Defendant incorporates its previous answers to Plaintiffs' Complaint as if fully set forth herein.

51. (a)-(h) Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

52. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

53. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

54. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

55. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them.

56. Denies.

Defendant makes no response to the "PRAYER FOR RELIEF" clause in Plaintiff's Complaint as no response is required. To the extent the allegations are deemed factual by the Court, they are denied.

## Affirmative Defenses

A. Defendant denies any and all allegations not specifically admitted herein.

B. Plaintiff is limited to recovery, if any, of the amount claimed administratively in accordance with 28 U.S.C. § 2675(b).

C. Plaintiff's recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act, which does not provide for the recovery of prejudgment interest or attorney's fees. 28 U.S.C. §§ 2674, 2678.

D. Plaintiff's Complaint fails to state a claim for which relief can be granted.

E. The injuries and damages alleged in the Plaintiff's Complaint were not

proximately caused by the wrongful act, negligent act, or omission of any employee of the United States acting within the scope and course of employment.

F.   The injuries and damages alleged in Plaintiff's Complaint, if any, were caused or contributed to by health problems or medical conditions of Plaintiff that existed prior to the alleged negligence or wrongful act.

G.   Any injuries Plaintiff alleges are not causally related to the occurrence alleged in Plaintiff's Complaint.

H.   To the extent Plaintiff's Complaint addresses allegations of negligence not raised in plaintiff's administrative claim, Plaintiff's Complaint is barred by 28 U.S.C. § 2675(a).

I.   Plaintiff's injuries, damages and losses, if any, were solely and proximately caused by the negligence, carelessness or recklessness of Plaintiff Dana Hackenberger and/or other third persons.

J.   In the alternative, and without admitting any liability, pursuant to NRS § 41.141, Plaintiff cannot recover from Defendant as Plaintiff Dana Hackenberger's fault and negligence in causing the alleged accident is greater than the negligence, if any, of Defendant.

K.   In the further alternative, and without admitting any liability, pursuant to NRS § 41.141, Plaintiff Dana Hackenberger's fault and negligence in causing this alleged accident must be compared against the fault and negligence, if any, of Defendant, and Plaintiff's recovery, if any, must be diminished in proportion to Plaintiff Dana Hackenberger's fault and negligence in causing the alleged accident.

L.   Plaintiff failed to exhaust administrative remedies under the Federal Tort Claims Act.

M.   Defendant discharged any duties it may have owed Plaintiff.

N.   The United States asserts that it has, or may have, additional affirmative defenses that are not known to the United States at this time, but may be ascertained through discovery. The United States specifically preserves these and other affirmative

defenses as they are ascertained through discovery.

Wherefore, Defendant prays that Plaintiff takes nothing in this action, that the Complaint be dismissed with costs awarded to Defendant, and that this Court grant such other and further relief as it may deem appropriate.

Respectfully submitted this 15th day of May 2023.

                              JASON M. FRIERSON
                              United States Attorney

                              */s/ R. Thomas Colonna*
                              R. Thomas Colonna
                              Assistant United States Attorney