SUE FAHAMI
Acting United States Attorney
District of Nevada
Nevada Bar No. 5634

R. THOMAS COLONNA
Assistant United States Attorney
Nevada Bar No.
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Richard.Colonna@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DANA HACKENBERGER, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA ex. Rel. UNITED STATES DEPARTMENT of ENERGY; DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive, <br><br> Defendant. | Case No. 2:23-cv-00055-JAD-MDC |

**JOINT PRETRIAL ORDER**

After pretrial proceedings in this case,

**IT IS SO ORDERED:**

**I.**

**NATURE OF ACTION AND RELIEF SOUGHT**

Dana Hackenberger ("Plaintiff") brings this tort action under the Federal Tort Claims Act ("FTCA") against the United States of America ("United States"). Plaintiff alleges she sustained personal injuries from a motor vehicle collision on January 13, 2021. The claims proceeding to trial are: (1) Negligence; and (2) Negligence Per Se.

## II.

## **STATEMENT OF JURISDICTION**

The Court's subject matter jurisdiction arises under the FTCA, codified at 28 U.S.C. § 1346 *et. seq*. Because this is an FTCA case, the Court will be acting as the trier-of-fact. There will be no jury trial in this case. Venue is proper under 28 U.S.C. § 1391(b)(2).

## III.

## **ADMITTED FACTS**

The following facts are admitted by the Parties and require no proof:

1. Plaintiff and Brian Paul Jones were involved in a motor vehicle collision on January 13, 2021.

2. At the time of the collision, Brian Paul Jones was acting in the course and scope of his duties as a National Nuclear Security Administration ("NNSA") employee.

3. At the time of the collision, the registered owner of the 2015 Hyundai Sonata Hybrid was the United States.

4. Because of the foregoing, the United States is responsible for the harm, if any, caused to Plaintiff by Brian Paul Jones as a result of the collision on January 13, 2021.

## IV.

## **FACTS NOT CONTESTED**

The following facts, though not admitted, will not be contested at trial by evidence to the contrary: None.

## V.

## **ISSUES OF FACT**

The following are the issues of fact to be tried and determined at trial:

1. The duty of care owed and to whom.

2. The actions or inactions taken to constitute a breach of duty of care.

3. Whether Defendant violated NRS 484B.127 and is therefore negligent as a

matter of law.

    4.    The cause of the collision.

    5.    Whether, and to what extent, Plaintiff suffered injury and/or sustained damages from the collision, if any.

    6.    Whether, and to what extent, Plaintiff suffered property damages from the collision.

    7.    The extent and quality of Plaintiff's pre-existing medical conditions, if any.

    8.    Whether Plaintiff's alleged damages, if any, are attributable to medical conditions that pre-existed the collision.

    9.    Whether Plaintiff contributed to her own alleged damages.

    10.    Whether and to what extent Plaintiff incurred damages as proximately caused by her own negligence.

    11.    The amount and extent of damages claimed for (1) past medical expenses; (2) future medical expenses that Plaintiff is reasonably certain to incur; (3) reasonable value of household services, both past and future; (4) physical and mental pain, suffering, anguish, disability, and loss of the enjoyment of life endured by Plaintiff from the date of the incident to present and that which she will be reasonably certain to experience in the future as a result of the incident.

    12.    The amount and extent of damages claimed for property loss sustained by Plaintiff.

    13.    Whether Plaintiff's claim for medical damages were reasonably and necessarily incurred and caused by the collision.

    14.    Plaintiff's efforts to mitigate her alleged damages.

    15.    Any issues of Fact stated above that are more properly considered to be issues of law, and vice versa, shall be so deemed and considered. Both sides reserve the right to challenge, argue, and/or contest contentions made through jury instructions and

motions in limine.

## VI.

## ISSUES OF LAW

The following are the issues of law to be tried and determined at trial:

**1.     Duty of Care.** Generally, everyone has a duty to exercise reasonable care when their conduct creates a risk of physical harm to others. Nev. J.I. 4.3. Negligence is the failure to exercise the degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances. *Id.* Ordinary care is care which persons of ordinary prudence exercise in the management of their own affairs to avoid injury to themselves or to others. *Id.* The issues as to duty are:

    a.   Whether the Plaintiff was owed a duty of care.

**2.     Breach of the Duty of Care.** Whether Defendant breached the duty of care owed by his actions on the date in question: OR

**3.     Negligence Per Se.** Whether Defendant violated NRS 484B.127 and is therefore negligent as a matter of law. Nev. JI 4.13.

**4.     Proximate Cause.** A proximate cause of injury, damage, loss, or harm is a cause which, in natural and continuous sequence, produces the injury, damage, loss, or harm, and without which the injury, damage, loss, or harm, would not have occurred. Nev. J.I. 4.4. The issues as to causation are:

    a.   Whether a breach in the duty of care proximately caused the collision, either through a statutory violation (e.g., NRS 484B.127) or common law.

    b.   Were Plaintiff's alleged injuries proximately caused by the breach of standard of care.

    c.   Were Plaintiff's alleged injuries legally caused by the breach of the standard of care. A legal cause of injury, damage, loss, or harm is a cause that is a substantial factor in bringing about the injury, damage, loss or harm. A

substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm. Nev. J.I. 4.5.

5. **Comparative Negligence.** A plaintiff may not recover damages if his comparative negligence contributed more to his injury than the negligence of the defendant. Nev. J.I. 4.8. However, if the plaintiff is negligent, the plaintiff may still recover a reduced sum, so long as his comparative negligence was not greater than the negligence of the defendant. *Id.* The issues as to comparative fault are:

   a. Whether Plaintiff was negligent (and if so, by what percentage).
   b. Whether Plaintiff's negligence was a substantial factor in causing her own harm.
   c. Does Plaintiff's percentage of negligence exceed the negligence of Brian Paul Jones, if any, barring recovery pursuant to NRS 41.141.(1).
   d. The percentage of negligence attributable to Plaintiff shall reduce the amount of such recovery by the proportionate amount of such negligence and the reduction will be made by the Court.

6. **Comparative Negligence of Plaintiff.**

Defendant claims that Plaintiff is responsible for some or all of Plaintiff's claims. The Court will return a special verdict indicating the percentage of negligence attributable to each party. Plaintiff may not recover damages if her comparative negligence has contributed more to her injury than the negligence of the Defendant. However, if the Plaintiff is negligent, she may still recover a reduced sum so long as his comparative negligence was not greater than the negligence of Defendant. The percentage of negligence attributable to the Plaintiff alone shall reduce the amount of such recovery by the proportionate amount of such negligence, and the reduction will be made by the Court. N.J.I. 9.19.

      **7.**     **Damages.** In determining losses, if any, suffered by Plaintiff as a proximate (legal) cause of the accident concerning (1) past medical expenses; (2) future medical expenses; (3) property damage; and (4) the physical and mental pain, suffering, anguish, disability, and loss of enjoyment of life (both past and future), (5) reasonable value of household services (both past and future), the Court must take into consideration the nature, extent, and duration from the evidence and decide upon a sum to reasonably and fairly compensate reasonable and necessary medical expenses incurred in the past; future medical expenses; and pain and suffering. *See* Nev. J.I. 5.1. Additional issues for the Court's determination are as follows:

    a. Whether Plaintiff's injuries, if any, were caused by pre-existing medical conditions that existed prior to the accident. A person who has a condition or disability at the time of the accident is not entitled to recover damages therefor. *See* Nev. J.I. 5.3. However, she is entitled to recover damages for any aggravation of such pre-existing condition or disability proximately resulting from the injury. This is true even if the person's condition or disability made her more susceptible to the possibility of ill effects than a normally healthy person would have been, and even if a normally healthy person probably would not have suffered any substantial injury. *See* Nev. J.I. 5.3.

    b. Whether Plaintiff can prove by a preponderance of the evidence that she experienced any pain, suffering, or loss of enjoyment of life because of the incident, if at all. *See* Nev. J.I. 5.1(5).

    c. The physical and mental pain, suffering, anguish, disability, and loss of enjoyment of life you believe the plaintiff is reasonably certain to experience in the future as a result of the incident, dismounted to present value. *See* Nev. J.I. 5.1(5).

         d.   Whether Plaintiff mitigated her alleged damages. *See* Nev. J.I. 13.49.

**8.**    Any issues of law stated above that are more properly considered to be issues of fact, and vice versa, shall be so deemed and considered. Both sides reserve the right to challenge, argue and/or contest contentions made through jury instructions and motions in limine.

## VII.

The following exhibits are stipulated into evidence in this case and may be so marked by the Clerk:

**1.**    **Stipulated Exhibits Agreed to By the Parties**

| | | |
|---|---|---|
| 1. | Traffic Accident Report | PLTF000001 – PLTF000010 |
| 2. | Property Damage Estimate of Plaintiff's vehicle | PLTF000011 – PLTF000014 |
| 3. | Photographs of property damage of Plaintiff's vehicle | PLTF000015 – PLTF000021 |
| 4. | Medical records from Southwest Medical Associates, a/k/a Collaborative Care Services Inc., a/k/a Optum | PLTF000022 – PLTF000048 |
| 5. | Medical records and bills from Rehab to Wellness | PLTF000049 – PLTF000091 |
| 6. | Medical records and bills from Spine and Orthopedic Interventionists | PLTF000092 – PLTF000125 |
| 7. | Medical records and bills from Wolfson Medical Center a/k/a Wolfson and Wolfson | PLTF000126 – PLTF000141 |
| 8. | Medical records and bills from QuickCare Medical Devices | PLTF000142 – PLTF000150 |
| 9. | Medical records and bills from Orthocor Medical a/k/a Caerus Corp | PLTF000151 – PLTF000153 |
| 10. | Medical records and bill from Las Vegas Radiology | PLTF000169 – PLTF0000193 |
| 11. | Medical records and bill from West Sunset Surgery Center and records from Minimally Invasive Center of Excellence | PLTF000194 – PLTF000258 |
| 12. | Medical record and bill from Advantage Diagnostic Imaging Center | PLTF000259 – PLTF000260 |

| | | |
|---|---|---|
| 13. | Medical record and bill from Extremities Surgical Institute | PLTF000261 – PLTF000264 |
| 14. | Medical record and bill from Smith Therapy Partners | PLTF000265 – PLTF000299 |
| 15. | Southwest Medical Medical, Billing, and Radiology Records with COR. Imaging Provided. | PLTF000300-PLTF000328 |
| 16. | Rehab to Wellness Medical and Billing Records with COR | PLTF000329-PLTF000367 |
| 17. | Wolfson & Wolfson / Wolfson Medical Center Medical & Billing Records with COR | PLTF000368-PLTF000376 |
| 18. | Orthocor Medical and Billing Records with COR | PLTF000377-PLTF000384 |
| 19. | Las Vegas Radiology Medical, Imaging, and Billing Records with COR | PLTF000385-PLTF000401 |
| 20. | West Sunset Surgery Center / Minimally Invasive Center Medical and Billing records with COR | PLTF000402-PLTF000490 |
| 21. | Advantage Diagnostic Imaging Medical, Imaging, and Billing Records with COR | PLTF000491-PLTF000511 |
| 22. | Extremities Surgical Institute Medical and Billing Records with COR | PLTF000512-PLTF000515 |
| 23. | Smith Therapy Medical and Billing Records with COR | PLTF000516-PLTF000555 |
| 24. | Advanced Recovery Solutions/Quick Care Medical Devices Medical and Billing Records with COR | PLTF000556-PLTF000570 |
| 25. | CBD Doctors Medical Records with COR | PLTF000599-PLTF000617 |
| 26. | Advantage Diagnostic Imaging Billing & Imaging | PLTF000625 |
| 27. | CBD Doctors Melbourne Billing & Imaging Provided | PLTF000626 -PLTF000632 |
| 28. | 1st Vegas Auto Body Shop Estimate | PLTF000633 -PLTF000636 |
| 29. | Future Medical Imaging Group Billing, Imaging | PLTF000637 |
| 30. | Plaintiff's Amended SF-95 Administrative Claim and Exhibits | US000009 - US000212 |
| 31. | Photos | US000213 – US000214 |
| 32. | Photos received from Brian Jones | US000217-US000239 |
| 33. | Medical, billing and radiology records from Advantage Diagnostic Imaging | US000240-US000254 |

| | | |
|---|---|---|
| 34. | Medical, billing and radiology records from Las Vegas Radiology | US000255-US000271 |
| 35. | Medical and billing records from West Sunset Surgery Center, LLC d/b/a Minimally Invasive Center of Excellence | US000272-US000330 |
| 36. | Medical and billing records from KD Finance LLC for Quick Care Medical Devices | US000387-US000405 |
| 37. | Medical and billing records from Smith Therapy Partners | US000406-US000427 |
| 38. | Medical, billing and radiology records from Southwest Medical Associates | US000428-US000450 |
| 39. | Medical, billing and radiology records from Spine and Orthopedic Interventionist | US000451-US000489 |
| 40. | Medical and billing records from Wolfson Medical Center | US000490-US000511 |
| 41. | Vehicle Valuation by State Farm to Jason Coolack regarding 2018 Nissan Altima SL | US000512-US000523 |
| 42. | Preliminary Estimate from 1st Vegas Auto Body Shop for Dana Hackenberger | US000540-US000543 |
| 43. | Medical and billing records from OrthoCor Medical Bates | US000546-US000553 |
| 44. | Medical and billing records from Rehab to Wellness, PLLC, | US000554-US000606 |
| 45. | Spreadsheet from contractor MSTS: G100678R.csv with a pdf. version | US000607 |
| 46. | Videos 1 – 4 of property damage at incident scene | |

**2.    Plaintiff's Exhibits & Federal Defendant's Objections**

None

**3.    Federal Defendant's Exhibits & Plaintiffs' Objections**

| | | | |
|---|---|---|---|
| 1. | Plaintiff's Original SF-95 Administrative Claim[1] | US000001 – US000002 | Hearsay, relevance, prejudicial, best |

---

[1] Plaintiff and Federal Defendant anticipate motion practice regarding the SF-95 and other

| | | | |
|---|---|---|---|
| | | | evidence |
| 2. | Plaintiff correspondence re: Representation | US000003 | Hearsay, relevance, prejudicial, best evidence |
| 3. | Plaintiff correspondence re: Amended Claim and Demand Package | US000004 – US000008 | Hearsay, relevance, prejudicial, best evidence, prior settlement offer |
| 4. | Plaintiff's vehicle title | US000215 | Hearsay, relevance, prejudicial, best evidence |
| 5. | Statement of Witness Jason Coolack | US000524 | Hearsay, relevance, prejudicial, best evidence |
| 6. | Motor Vehicle Accident Report | US000525 – US000528 | Hearsay, relevance, prejudicial, best evidence |
| 7. | Note | US000529 | Hearsay, relevance, prejudicial, best evidence |
| 8. | Traffic Crash Report | US000530 – US000539 | Hearsay, relevance, prejudicial, best evidence |
| 9. | Email from Brian Jones to Geraldine Trujilo regarding accident | US000544 – US000545 | Hearsay, relevance, prejudicial, best evidence |

**4.    Electronic Evidence**

Currently, neither party anticipates presenting any electronic evidence. Should that change, the Court will be notified immediately.

**5.    Demonstrative Exhibits**

Both parties intend to utilize demonstrative exhibits as their case-in-chief, to include models or blown up images or exhibits, models or boards of various parts of the human body, diagnostic tests and imaging, power point images, drawings, animations, story

---

administrative material prior to the start of trial.

boards of the incident and the location of the incident.

**6.   Depositions**

    1.   Plaintiffs will offer the following depositions: Plaintiffs do not intend to offer page and line designations at this time for any deposition transcripts. In the event Plaintiffs learn that a witness is unavailable to testify at trial, Plaintiffs will notify all parties and the Court of page and line designations of the unavailable witness' deposition transcript to offer at trial. Plaintiffs reserve the right to use deposition transcripts to refresh recollection, to impeach, and otherwise to use at trial in accordance with applicable rules, e.g., Fed. R. Civ. P. 32, and Fed. R. Evid. 801(d); *see also* Nevada state rules.

    2.   Federal Defendant will offer the following depositions: Federal Defendant does not intend to offer page and line designations at this time for any deposition transcripts. In the event Federal Defendant learns that a witness is unavailable to testify at trial, Federal Defendant will notify all parties and the Court of page and line designations of the unavailable witness' deposition transcript to offer at trial. Federal Defendant reserves the right to use deposition transcripts to refresh recollection, to impeach, and otherwise to use at trial in accordance with applicable rules, *e.g.*, Fed. R. Civ. P. 32, and Fed. R. Evid. 801(d); *see also* Nevada state rules.

    3.   Objections To Depositions:

        a.   Plaintiff's Objections: None.

        b.   Federal Defendant's Objections: None.

## VIII.

## WITNESSES

The following witnesses may be called by the Parties at trial:

**1.   Plaintiff's Witnesses**

| Witness(s) | Witness(s) Address |
|---|---|
|  |  |

| | | |
|---|---|---|
| 1 2 3 | Dana Hackenberger | c/o Barbara W. Gallagher, Esq.<br>Kidwell & Gallagher, Ltd.<br>790 Commercial Street<br>Elko, Nevada 89801 |
| 4 5 6 | Person Most Knowledgeable and/or Custodian of Records for United States of America | c/o Sue Fahami<br>R. Thomas Colonna<br>Assistant United States Attorney<br>501 Las Vegas Boulevard South, Suite 1100<br>Las Vegas, Nevada 89101 |
| 7 8 | Officer Rainier Frost, Badge No. 14888 | c/o Las Vegas Metropolitan Police Department<br>400 South Martin Luther King Blvd.<br>Las Vegas, Nevada 89106 |
| 9 10 | Jeffrey Richter | c/o Las Vegas Metropolitan Police Department<br>400 South Martin Luther King Blvd.<br>Las Vegas, Nevada 89106 |
| 11 12 | Brian Paul Jones | 1581 East Elderberry St.<br>Pahrump, Nevada 89048<br>(702) 794-5388 |
| 13 | Jason Andrew Coolack | 9827 Cornwall Crossing Lane<br>Las Vegas, Nevada 89147<br>(702) 559-9696 |
| 14 15 | Ryan Richard Belsick | 9271 Ram Creek Lane<br>Las Vegas, Nevada 89178<br>(702) 523-9144 |
| 16 17 | Dennis Hackenberger (Father) | 5250 S. Rainbow Blvd., Unit 2022<br>Las Vegas, NV 89118,<br>(702) 557-7052 |
| 18 19 | Adam Gresch (Friend and Business Partner) | 8455 W. Sahara Ave., Unit 237<br>Las Vegas, NV 89117<br>(702) 619-7596 |
| 20 21 | Janice Taylor (Significant Other) | 27b Walter Street<br>St. Albans, VIC 3021, Austrailia<br>+61 400 475 630 |
| 22 23 | Ashley Hackenberger (Mother) | 4436 Collingwood Street<br>Las Vegas, NV 89147<br>(702) 232-1945 |
| 24 25 | Lisa Hackenberger (Sister) | 10640 Reunion Pkwy.<br>Commerce City, CO 80022<br>(503) 830-3269 |
| 26 27 | James O'Brien (Friend) | 15 Magnolia Street<br>St. Albans, VIC 3021, Austrailia<br>+61 421 672 661 |
| 28 | Jasmine Tink (Friend) | 15 Magnolia Street<br>St. Albans, VIC 3021, Austrialia |

| | | |
|---|---|---|
| 1 | | +61 456 636 265 |
| 2 | Custodian of Records and/or Person(s) Most Knowledgeable for Wolfson Medical Center (a/k/a Wolfson and Wolfson LLP), Eric Wolfson, MD | 6803 West Tropicana Ave., Suite 100 Las Vegas, Nevada 89103 |
| 5 | Custodian of Records and/or Person(s) Most Knowledgeable for Rehab to Wellness Jennifer Cook, DC | 8950 West Tropicana Avenue, Suite 2 Las Vegas, Nevada 89147 |
| 7 | Custodian of Records and/or Person(s) Most Knowledgeable for Spine and Orthopedic Interventionists, Sonny Rubin, MD | 9333 West Sunset Road Las Vegas, Nevada 89148 |
| 10 | Custodian of Records and/or Person(s) Most Knowledgeable for Minimally Invasive Center of Excellence, Sonny Rubin, MD | 9331 West Sunset Road Las Vegas, Nevada 89148 |
| 13 | Custodian of Records and/or Person(s) Most Knowledgeable for OrthoCor Medical | c/o Caerus Corp. 1251 Red Fox Rd. Arden Hills, Minnesota 55112 |
| 14 | Custodian of Records and/or Person(s) Most Knowledgeable for Quick Care Medical Devices | 7455 France Avenue South, Suite 373 Edina, Minnesota 55435 |
| 16 | Custodian of Records and/or Person(s) Most Knowledgeable for Nevada Orthopedic & Spine Center, Kevin Sharif, MD | 1505 Wigwam Parkway, Suite 330 Henderson, Nevada 89074 |
| 19 | Custodian of Records and/or Person(s) Most Knowledgeable for Advantage Diagnostic Imaging Center, Keith Lewis, MD | 3430 North Buffalo Drive, Suite 110 Las Vegas, Nevada 89129 |
| 22 | Custodian of Records and/or Person(s) Most Knowledgeable for Extremities Surgical Institute, Kenny Hanna, MD | 2445 Fire Mesa Street, Suite 190 Las Vegas, Nevada 89128 |
| 24 | Custodian of Records and/or Person(s) Most Knowledgeable for Smith Therapy Partners, Ivan Sanchez, DPT | 6590 South Rainbow Blvd., Suite 230 Las Vegas, Nevada 89118 |
| 27 | Dr. Andrew Hall | Relevium Pain Specialist 6064 S. Fort Apache Road Las Vegas, NV 89148 |

| | (702) 940-8007 |
|---|---|

**2. Federal Defendant's Witnesses**

Federal Defendant does not intend on calling Plaintiff's treating medical providers (excluding experts) on its direct case but reserves right to recall them, if needed.

| | |
|---|---|
| Dana Hackenberger | c/o Barbara W. Gallagher<br>KIDWELL & GALLAGHER, LTD<br>790 Commercial St.<br>Elko, Nevada 89801<br>(775) 738-1000--Telephone<br>(775) 753-8600 --Facsimile<br>Barbara@kidwellgallagher.com |
| Jason Coolack | 9827 Cornwall Crossing Ln.<br>Las Vegas, Nevada 89147 |
| Brian Jones, Facility Representative | c/o R. Thomas Colonna, AUSA<br>501 Las Vegas Blvd. So., Suite 1100<br>Las Vegas, Nevada 89101<br>(702) 388-6336 |
| Adam J. Lorenzetti, MD | 40175 Deer Trail Lane<br>Waterford, Virginia 20197<br>(304) 282-8588 |
| Officer Rainier Frost, Badge No. 14888 | c/o Las Vegas Metropolitan Police Department<br>400 South Martin Luther King Blvd.<br>Las Vegas, Nevada 89106 |
| Jeffrey Richter | c/o Las Vegas Metropolitan Police Department<br>400 South Martin Luther King Blvd.<br>Las Vegas, Nevada 89106 |

## IX.

## **AVAILABLE TRIAL DATES**

The attorneys have conferred and jointly offer the following three trial dates:

1. November 10, 2025

2. November 17, 2025

3. January 22, 2026

It is expressly understood by the undersigned that the Court will set the trial of this matter on one of the agreed-upon dates, if possible, if not, the trial will be set at the

convenience of the Court's calendar.

## X.

## ESTIMATED LENGTH OF TRIAL

It is estimated that the trial will take a total of 3 to 4 trial days.

APPROVED AS TO FORM AND CONTENT:

/s/ Barbara Gallagher

**Counsel for Plaintiff**

/s/ R. Thomas Colonna

**Counsel for Federal Defendant**

///

## XI.

## ACTION BY THE COURT

**IT IS HEREBY ORDERED THAT:**

1. **Trial date**. This case is set down for a BENCH trial on Monday, November 10, 2025, at 9:00 a.m.

2. **Calendar call**. The parties must appear for Calendar Call on October 20, 2025, at 1:30 p.m.

3. **Length of trial**. Though the parties have indicated that they anticipate this will be a 3 to 4-day trial, so the parties should plan and prepare their witness schedules to finish this trial within 4 days.

4. **Trial documents must be filed by Calendar Call**. No later than noon on the day before the scheduled Calendar Call, each party must file with the Court: (a) the parties' trial briefs; (b) a list of each party's witnesses; (c) a stipulated exhibit list, and separate exhibit lists for exhibits that are not stipulated (the parties must meaningfully meet and confer to prepare a stipulated exhibit list before this deadline); (d) proposed findings of fact and conclusions of law.

5. **Deposition designations due 30 days before trial**. Any party who anticipates presenting deposition testimony in lieu of live testimony must file (a) page-and-line designations along with (b) a mini version of each relevant deposition transcript at least 30 days before trial; failure to timely file deposition designations will result in the preclusion of the testimony at trial. **Objections** to such designations must be filed no later than **five calendar days after** the designations are filed; failure to file timely objections to deposition designations renders those objections waived. **Responses to any such objections are due three calendar days after** the objections are filed. **Absent**

1

**extraordinary circumstances, no extension of these deadlines will be granted** with or without a stipulation because rulings on such designations are time-consuming and the court requires sufficient time in advance of trial to make them.

6. **Motions in limine**.

    a. **MIL deadlines**. Motions in limine (MILs) are due September 11, 2025, and responses are due 14 days later. These court-ordered deadlines override any deadline contained in a federal or local rule and will not be extended absent extraordinary circumstances. MIL replies will be allowed only with leave of court, and each side may file only a single request for leave, see L.R. 16-3(a).

    b. **Additional MIL requirements**. The process for preparing and filing motions in limine will be governed by the following additional rules and considerations:

        i. *Meaningful meet-and-confer required*. As Local Rule 16-3 requires, before any motion in limine is filed, the parties must meet and confer (by telephone or in person not merely by email or some other form of writing) about the substance of each contemplated in-limine issue and attempt to reach an agreement on the issue. Evidentiary agreements reached during this process must be memorialized by a written stipulation. If the parties do not reach an agreement on an issue and a motion in limine remains necessary, the motion must be accompanied by a declaration certifying that counsel actually conferred in good faith to resolve the issue before the motion was filed (or re-filed), see L.R. 16-3(a). The failure to include the certificate of counsel will result in the automatic denial of the motion without the opportunity to cure this deficiency.

        ii. *Only evidentiary issues*. Motions in limine must address only true evidentiary issues and not be belated motions for dispositive rulings disguised as a motion in limine.

    iii. *Omnibus filing*.  Any party desiring to file motions in limine on multiple issues or requesting multiple rulings must include all in-limine issues in a SINGLE, omnibus motion that numbers each issue consecutively; no party may file multiple, separate motions.  This format eliminates the need for redundant recitations of facts and introductory statements of the law.  If the size of the omnibus motion exceeds the page limit in the local rule, see L.R. 7-3(b), a separate motion to exceed the page limits should be filed contemporaneously with the omnibus motion; the motion to exceed page limits must not be styled as an "emergency."

    iv. *Vague requests prohibited*.  The parties are cautioned that vague requests based on speculative issues, like requests to generally preclude improper attorney arguments, violations of the golden rule, or irrelevant evidence will be flatly denied.  The court intends to follow the rules of evidence and procedure at trial and expects the parties to do the same.  Motions seeking little more than an order enforcing a rule waste the court's time and the parties' resources. Counsel is strongly cautioned that abuse of the motion-in-limine vehicle in this manner may result in sanctions against the attorneys.

This order will govern the trial of this case and may not be amended except by order of the court.

DATED: 2/6/2025

              _____
               Jennifer A. Dorsey
               United States District Judge